INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN & HELPERS OF AMERICA, Appellant,

v.

NATIONAL MEDIATION BOARD, et al.

No. 82–2014.

United States Court of Appeals, District of Columbia Circuit.

Argued April 21, 1983.

Decided Aug. 5, 1983.

---

Roland P. Wilder, Jr., Washington, D.C., with whom Robert M. Baptiste and Joseph E. Santucci, Jr., Washington, D.C., were on brief, for appellant.

Herbert Prashker, New York City, of the Bar of the Supreme Court of the State of New York, pro hac vice, by special leave of Court, with whom Peyton H. Moss, New York City, was on brief, for appellee, Trans World Airlines, Inc. Mary A. Sheehan, Washington, D.C., also entered an appearance for appellee.

Leonard Schaitman, Atty., Dept. of Justice, entered, Washington, D.C., an appearance for appellee, Nat. Mediation Bd.

Before WALD, GINSBURG and SCALIA, Circuit Judges.

Opinion for the Court filed by Circuit Judge SCALIA.

Dissenting opinion filed by Circuit Judge WALD.

SCALIA, Circuit Judge:

Pursuant to the District Court's May 29, 1981 declaratory order in *United States v. Trans World Airlines,* No. 81–784 (D.D.C. May 29, 1981), intervenor Trans World Airlines ("TWA") furnished the National Mediation Board ("the Board") with "peel-off" gummed labels bearing the names and addresses of TWA employees eligible to vote in the then upcoming representation election. While the labels were in the possession of the Board, the International Brotherhood of Teamsters ("the Union") filed a request under the Freedom of Information Act, 5 U.S.C. § 552 (1976), for the names and addresses on the labels. The Board denied that request and the Union brought suit in district court, pursuant to 5 U.S.C. § 552(a)(4)(B), to enjoin the withholding. The Union appeals the District Court's denial of its motion for summary judgment and the simultaneous dismissal of its complaint.

We find that the District Court reasonably interpreted its own May 29, 1981 order as envisioning use of the labels for attachment to ballot envelopes to be posted in connection with the election, and as precluding other use. *International Brotherhood of Teamsters v. National Mediation Board,* No. 81–1648, slip. op. at 15 (D.D.C. July 30, 1982), Jt.App. at 471. The District Court then properly concluded that the Board's transitory possession of the labels, limited to the one-time, attach-and-post use required by the court order, did not constitute "control" of the labels by the Board, and that the labels were therefore not "agency records" subject to disclosure under the Freedom of Information Act. *See Goland v. CIA,* 607 F.2d 339, 347–48 (D.C. Cir.1978).

*Affirmed.*

WALD, Circuit Judge, dissenting:

I believe the address labels are agency records, although quite possibly eligible for withholding under one of the FOIA exemptions originally cited by the National Mediation Board. The government itself argues that they meet the "control" test for agency records, see *Goland v. CIA,* 607 F.2d 339, 347 (D.C.Cir.1978), but say that they are not records for FOIA purposes because they have not been "preserved or [are not] appropriate for preservation". Statement of the United States of America in Response to the Court's Order of April 25, 1983 at 15, 23–26. I am not convinced by that reasoning nor by the district court's post-order assertions that in *authorizing* the Board to order the labels from TWA, it meant to control their use to a one-time-only mailing. These labels were received by the Board

(who had to invoke the aid of the court to get them) in order to permit it to fulfill its statutory function of conducting representation elections. See *Kissinger v. Reporters Committee for Freedom of the Press,* 445 U.S. 136, 157 (1980). Simply because the Board, for its own reasons, chose not to make a permanent copy of the addresses does not deprive them of their record status while in the hands of the agency. I therefore dissent from the panel's conclusion they are not agency records.